

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 8 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JONATHAN LEVI**                                                                 **PLAINTIFF**

vs.                                                  No. 4:20-cv-*1285 - DPM*

**FIDEL & CO COFFEE, LLC,**                                              **DEFENDANTS**
**and FIDEL SAMOUR**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Jonathan Levi ("Plaintiff"), by and through his attorneys

Blake Hoyt and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint

("Complaint") against Defendants Fidel & Co Coffee, LLC, and Fidel Samour (collectively

"Defendant" or "Defendants"), he states and alleges as follows:

### I.      PRELIMINARY STATEMENTS

1.      This is an action brought by Plaintiff against Defendant for violations of the

overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"),

and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-

201, *et seq.* (the "AMWA").

2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated

damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of

Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

This case assigned to District Judge _Marshall_
and to Magistrate Judge _Ray_

## II.    JURISDICTION AND VENUE

3.    The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.    This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.    Plaintiff was employed by Defendant within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6.    Plaintiff is an individual and resident of Pulaski County.

7.    Separate Defendant Fidel & Co Coffee, LLC ("Fidel & Co"), is a domestic limited liability company.

8.    Defendant's registered agent for service is Fidel Samour, at 17200 Chenal Parkway, Suite 300-333, Little Rock, Arkansas 72223.

9.    Separate Defendant Fidel Samour ("Samour") is an individual and resident of Arkansas.

10.    Defendant maintains a website at https://www.fidel.coffee/.

## IV.    FACTUAL ALLEGATIONS

11.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.    Samour is a principal, director, officer, and/or owner of Fidel & Co.

13.     Samour took an active role in operating Fidel & Co. and in the management thereof.

14.     Samour, in his role as an operating employer of Fidel & Co., had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

15.     Samour, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

16.     Samour acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17.     Fidel & Co. acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

18.     Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

19.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverage products.

20.     Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

21.    Defendant owns and operates a coffee shop in Little Rock.

22.    At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

23.    Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

24.    Specifically, Defendant employed Plaintiff as a chef from January of 2020 to October of 2020.

25.    Defendant classified Plaintiff as non-exempt from the FLSA and paid him an hourly rate.

26.    Plaintiff's duties included preparing food, developing the menu and ordering ingredients and food.

27.    Plaintiff ordered ingredients and food from both local vendors, and vendors in Tennessee and Idaho.

28.    Plaintiff used instrumentalities of interstate commerce such as the telephone and the internet in ordering ingredients and food, as well as to communicate with Defendant regarding his job duties and work schedule.

29.    At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

30.    Plaintiff regularly worked over forty hours per week.

31.    Plaintiff regularly worked hours for which he was not paid.

32.     In January, in the week preceding Defendant's grand opening of the food program, Plaintiff was required to work approximately twenty-five hours which went unrecorded and uncompensated in preparation for the grand opening.

33.     From January until March, Plaintiff was required to bake bread off the clock while at his home in the mornings and evenings. Plaintiff estimates he spent approximately three to four hours each day preparing and baking bread.

34.     Samour directed Plaintiff to spend time preparing and baking bread while not at work.

35.     Because Plaintiff was required to work hours which went uncompensated, Defendant failed to pay Plaintiff a lawful overtime premium for all hours worked over forty each week.

36.     Defendant knew or should have known that Plaintiff was working additional hours off-the-clock for which he was not compensated.

37.     At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all of the hours worked over forty per week.

38.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V.     FIRST CLAIM FOR RELIEF—FLSA Violation

39.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

40.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

41.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

42.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 in one week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

43.     Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

44.     Defendant failed to pay Plaintiff for all hours worked, including 1.5x his regular rate for all hours worked in excess of forty hours per week.

45.     Defendant knew or should have known that its actions violated the FLSA.

46.     Defendant's conduct and practices, as described above, were willful.

47.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

48.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

49.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.     SECOND CLAIM FOR RELIEF—AMWA Violation

50.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

51.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

52.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

53.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

54.     Defendant classified Plaintiff as non-exempt from the requirements of AMWA.

55.     Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty (40) per week.

56.     Defendant knew or should have known that its practices violated the AMWA.

57.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

58.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jonathan Levi respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA, and their related regulations;

B.     Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA and their related regulations;

C.     Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their related regulations;

D.     An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF JONATHAN LEVI**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Blake Hoyt
Ark. Bar No. 2014252
blake@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com